Thank you your honor and and I'm going to try not to say good afternoon because I am in Florida and it is afternoon here so I had to make a conscious effort to say good morning to you all. We are here on a case that that has a much longer history than perhaps is apparent from the record and we are here on a case that for your standard of review we believe to be de novo because we're dealing with eligibility for a chapter 13 confirmation of a plan. And your honors are asked today is is either to vacate the order confirming the plan and remand to the bankruptcy court to adjudicate good faith and eligibility or for your honors to make the determination which is based on the record this particular debtor is ineligible based on good faith and based on the numbers of her plan to proceed in a chapter 13 proceeding. So with with that I will let your honors know that I'm really looking at this case is really having three components to the good faith standard here. One is there's a very long history between M-Site Corporation and Anna Stahl which is rooted in many acts of faith on the part of Anna Stahl. Part of the actions previously involving Anna Stahl resulted in a judgment against her business partner a guy named Emory Smith wherein the Lee County Circuit Court down here in Florida entered a final judgment against Mr. Smith as to and involving a company that Emory Smith and Anna Stahl own together finding account receivable claims of $147,739.07 and a claim for stolen customers with a damage amount of $164,695. So now granted that is not against Anna Stahl personally now but it's part of the complaint that is going forward down here in Lee County against her but for purposes of eligibility these numbers are important because they are determined and fixed by this final judgment so I understand that that's an issue and that's been established. But they're fixed as against the business partner not against the debtor correct? That's correct there are factual findings and we did attach a copy of the final judgment but the underlying business which was called Life Form is the entity that Anna Stahl was doing business with and there was underlying fraud involved there too in that Anna Stahl purported to my client M-Site that she was 100% owner of Life Form when in fact she had a business partner Emory Smith who was also an owner, officer, director of M-Site so it's sort of contract fraud. But you're not contending that that judgment has preclusive effect against Ms. Stahl correct? I'm not saying that we currently have a complaint pending in Lee County against her and Life Form and that complaint relies in great part upon this court's finding but we do have an alter ego claim against her to make these applicable as to her as well. So we have a long history with her we also believe and I think very importantly that her current company XL Medica we have a pending litigation in federal court here in in the Middle District of Florida on trademark issues so we had the prior actions with her in this there's a current trademark dispute but those numbers are not included in the 312,000 that you saw reflected in our claim but that has not been determined yet and I wanted to be clear because it seemed like it would be very easy to get confused and say including that trademark claim for these purposes and we are not but it does show that there's this long history of her first abusing the relation with M-Site with Life Form and Emory Smith now she has XL Medica again we have trademark issues with her involving that. Now XL Medica importantly for these purposes today XL Medica is wholly owned by Anastol and it is in a chapter 11 also pending in the Central District of California. We think that is important because if upon review of the monthly operating reports you would see that she is allocating the and insiders mostly her sisters we think that she filed this chapter 11 and is doing this allocation to try and minimize the amount of disposable income that she then reflects in her chapter 13 proceeding here. That chapter 11 case was filed roughly the same time as this case there has not been a plan confirmed in that case which to us smacks of being delay in the overall scheme of things and your honors may ask why aren't we challenging things there while we intend to we've been waiting for them to file a plan so we can see what they're really up to. Counselor that's all I mean I understand the context but that doesn't really inform the limited issue before us today does it? Well it does because as I read the bankruptcy court's order she said that we didn't sufficiently allege I guess a good-faith challenge to sufficient to get the bankruptcy judge to look beyond the schedules. But it sounds like you're arguing a good faith almost to the plan not to the filing of the schedules to determine eligibility. Well your honor it's my understanding and again I'm not a Ninth Circuit that when you look at the eligibility issue you're looking at the totality of the circumstances. So in this case we have a claims register that exceeds the eligibility requirements the plan itself exceeds the eligibility requirements and and so we felt it was necessary to bring up and address eligibility in the context of the plan. I've also seen Ninth Circuit authority that says if you don't challenge eligibility at plan confirmation it would be lost later. So we feel like it is necessary to bring it up and raise it but the the comments of the bankruptcy judge as I understood it was you haven't alleged enough good faith to go back and look beyond the schedules. Right but it but the good faith as I understand the cases is you have good faith for the totality as to a confirmation standard. That cannot be incorporated and eligibility in the Ninth Circuit has made clear with the Scovis general rule that that we look to the petition to see if the scheduling was in good faith. And here you may quibble as to the amounts that should have been on there but you know she listed M site she listed the trademark and and the life form matters she put an amount there she disagreed with it and then she amended it to your amount although she said it was unliquidated. So I mean why why is that bad faith? What what what was in the scheduling is is not good faith in your mind? Thank you your honor what was not in good faith is we don't believe that she'd made a good faith effort to really come up with the numbers not only as to use your number in the second one but the IRS claim was was incorrect and and she left as a creditor tax franchise board out completely and when you what number should she have used? If she had used the numbers that she had in her plan she would have exceeded. I mean that those are two different things one is going in one's coming out right I mean what why and you know that begs the your claim why is your claim yeah why is the the 3 314 a liquidated claim? Because the the accounts based on the case laws I understand it in in the Ninth Circuit the amounts are contractual and they have they are that's not what you argued before Judge Brand you argued that it was prima facie evidence because it was but there is that component that that they didn't object to our amounts and and again from a totality point of view I think it's important to look at did the debtor here formulate this plan to file a chapter 11 strip her income down reduce it to a certain amount make her numbers look going into the 13 like they were sufficiently low to be able to qualify when she knew that they they really weren't if she looked at the legitimate numbers because once she amended once she once she proposed a plan the numbers were sufficient to knock her out of eligibility we think that if she had counsel can I'm sorry let me just interrupt this yes you give us a history of fraud did you file an objection to discharge under under any count under any basis under 523 we have not okay so so that so the fraud claim is just this is a history of bad of bad negotiations bad interactions you believe she's not acting appropriately people file chapter 13 to avoid litigation all the time what's of concern to us is the judge said your claim does not appear to be liquidate you filed a proof of claim in this case it wasn't objected to over 200 pages of wasn't one document in there that demonstrates a calculation based upon a formula based upon numbers that are multiplied by something else that demonstrates what the amount of your claim right you're no your honor I would disagree with that part part one of our appendix to our opening brief page 151 and 152 reflect the final judgment that was entered in Lee County Court and have the two numbers the accounts but let's be clear as to that I mean great you got a actually it's is it final judgment is the findings of factory conclusions of law final judgment okay and that final judgment was not against miss stall correct you didn't assume this miss stall was not a party in that that Lee County action was she she was not but neither was life form no but her business there are factual findings in there against Emory Smith and what they did by and through life form and I'm saying your honor that those findings although I'm not arguing it has a preclusive effect but I'm arguing that it has sufficient contractual basis and finding based on that being a final judgment to constitute a liquidated non-contingent amount for these purposes and what's your case for that well there are a series of cases the Nicholas your best one which which is the is the the best one in your view Nicholas versus Johnny Apples Johnny Appleseed in Ray Nicholas 184 BR 82 which is 9th Circuit from 1995 okay we have you inside your three minutes now would you like to reserve the rest of your time or do you want to continue it's up to you I'll reserve thank you your honor okay thank you mr. Hayes go ahead please you're sorry you're still you're still muted Clark your clerk spent five minutes warning us about don't do that we've all thank you if it may place the court I'm John Hayes Resnick Hayes Mirati for the appellee and chapter 13 debtor I I don't actually have a lot to say but I would like to start out with a minute I just can't unliquidated almost everything mr. Mather said would require a hearing and facts and evidence to determine the alter ego and even the underlying basis for the numbers but the numbers do you can I interrupt you from the beginning I think the last point we discussed with mr. Mather is probably the one you need start with in my mind I mean why doesn't the the reference to the two components of the three hundred fourteen thousand and the findings of fact inclusion of the law in the mr. Emory's case or mr. Smith I guess it's every Smith why why doesn't that carry forward as to as to the debtor for a liquid a minimal liquidation amount well for a couple of reasons I'd say one reason is is that that the there has to be a showing that she's liable for it and that would require a hearing mmm now you're getting in disputed versus liquidated right and I'm willing to hear why you think disputed impacts the liquidated but you know case laws legion that disputed is is not a factor to kick an amount out a liquidated amount out in eligibility determination I accept that too I mean I agree with your honor that the the second reason would be that there's nowhere in the in the paper that it's buried in page whatever hundred and fifty one I guess those two numbers that wasn't presented judge brand but that argument that these two numbers make it liquidated but most importantly what what my response is that this that's a Ninth Circuit case called blixus the case that won't go away just a year or so ago or they discussed that when when you're talking about disputed which I understand disputed it isn't a factor here but the the Ninth Circuit said that just because part of a debt is undisputed doesn't make the debt undisputed in fact that that is still dispute because the debt is disputed in that case in large part that the debt for for involuntary bankruptcy purposes is is still disputed so here and this is clearly World War three I mean it's going on right now in Florida so they can't I don't think based on blixus that they can just point to two numbers and say well at least those numbers are liquidated everything else is unliquidated and we want to go to war about it but because those two numbers are sorry judge I was gonna say blixus is about whether claim is disputed for purpose of an involuntary petition is not really about an involved liquidated or not unliquidated and also when they use disputed in the involuntary section says disputed as to amount or liability so there's a additional gloss so I don't really see blixus is having a lot to do with this case but I still think that if if if they said she owes us a million dollars and hundred fifty four hundred forty seven thousand of that is unliquidated I don't see that that makes the debt liquidated for purposes of eligibility by using what the Ninth Circuit said in blixus that's my view and in any event I think they've waived that they they did not point to those numbers to judge brand in fact they kept insisting we don't need to we filed a proof of claim that's what this appeal is about we filed a proof of claim we don't need to do more than that it's automatically allowed in the judge we don't even have to tell the judge what page those two numbers are on and my only other real comment is that as the court was saying as judge breaker was saying I mean where's the showing of bad faith the schedules there was there was no nobody challenged that the schedules were just sort of thrown together and designed to hide things from the courts and the creditors and that they need to get pat their their response to that is we don't need to we filed the proof of I guess but wasn't that rejected in hope I seem to recall that that that issue was raised tangentially in hope and the and the bat rejected it well that the bad faith has to focus on as you're honest just just using the the a a the filing of the proof of claim is a prima facie validity and that that can lead possibly to some really bad consequences absolutely and especially when when when I they're basically admitting that that this this is a we have a gigantic claim against this lady but we're gonna pull two numbers out of 200 pages of for the purposes of showing that the claim is liquidated and therefore she's not eligible but you know I I don't really have much more to say than that if there's any questions I won't belabor the argument okay well let me let me just let me just follow up on that for a second and I'm trying to understand what Judge Spraker has been making sure I follow your argument I think what he was suggesting and Mr. Mather kind of picked up on this during his argument was that there are there is a judgment against the former business partner that has a specific value in the judgment specific numbers in the judgment and I guess Judge Spraker was asking does that have the effect of liquidating that amount because she was a partner then that's not a party didn't have notice you didn't have opportunity to defend the judgment doesn't recount any amount as against her personally how do we treat that in your view well first of all I'd say you have to you have to get past the bad face in order to even look at that secondly the I think the claim assuming that it's unliquidated the claim is unliquidated for that reason it's still contingent it's not it's not against her and there would have to be a showing that that she that there's that it'd have to be a showing that could be done in a reasonably quick hearing that she's personally liable for that debt that it's that it's not that it's that it's not contingent as to her it's it's I mean it's a debt owed by her I hope I answered that I think so okay any more questions for the panel thank you all right thank you okay thank you mr. Hayes mr. Mather you have two and a half minutes roughly please go ahead yes thank you your honor um so a couple things one I would say just going back to our original objection the characterization of our objection and and if it's if that's the way it came across it was not intended that we said look at our proof of claim only our objection has a lengthy section on bad so this was all spelled out in the objection and and the reason for my reliance two parts to that though right one is getting to the proof of claim then the second is what the proof of claim says right and the claim is for these amounts and the proof of claim wasn't challenged now for what we're looking at here is is there enough for the bankruptcy court to look beyond the you know it has the the dollar amounts involved it has sufficient evidence for them to have said hey we just this isn't like with Stella or more recently you know fountain when all you have to do is glance over the attachments the proof of claim and you know that number you got a hunt and peck for for that you have to get past your first complaint which doesn't mention any number your second complaint which doesn't many data and those complaints are against miss stall then you've got to look at the third which is a lawsuit that is is not I think you gotta get into the middle of it and you have to extrapolate which seems to be contrary to reasonable certainty the the complaint again that's pending now against miss stall spells out in the complaint that these amounts are doing so it is in there certainly miss stall knows if you're you're the prayer for relief or some amount says the hundred and forty seven thousand and one hundred sixty four thousand amounts in the Lee County case it's spelled out no no no in the two complaints against miss stall are those numbers in there yes okay if I'm understanding your question yes there are two pending complaints right now one in federal court which is a trademark case it's not in there there is a Lee County case it's pending the numbers are in the complaint and in the attachments there such be certainly I guess I'm out of time yes yes you are thank you very much I want to thank both council for good arguments and good briefing on this case the matter submitted this is our only case so courts in recess thank you very much thank you your honors have a good day you do this thank you your honor this session of the bankruptcy appellate panel is now adjourned
judges: Faris, Spraker, Gan